**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| Kenneth Griffin,<br>Plaintiff,<br><br>v.<br><br>Stenger & Stenger, P.C.,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. 4:18-cv-81 |

# COMPLAINT

## I. INTRODUCTION

1. This is a case about a man who has been deceptively targeted and harassed about a debt he paid and a company who willfully violated court orders.

2. This is a civil action seeking actual damages, statutory damages, attorneys' fees, and costs for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p, ("FDCPA").

3. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

4. The FDCPA uses the "unsophisticated-consumer" standard.

5. The unsophisticated-consumer standard is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder. This standard protects the uninformed or naive consumer.

6. Defendant is Stenger & Stenger, P.C. (hereinafter "Stenger").

## II. JURISDICTION

7. This action is to enforce liability created by the FDCPA.

8. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

9. This is a civil action arising under an Act of Congress regulating commerce or protecting trade.

10. Jurisdiction of this court arises under 28 U.S.C. § 1337.

## III. VENUE

11. Stenger regularly transacts business in this judicial district.

12. Stenger is subject to the personal jurisdiction of this Court.

13. Stenger resides in the State of Indiana and this judicial district under the provisions of 28 U.S.C. § 1391(c)(2).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

15. A substantial part of the events giving rise to this claim occurred in this judicial district.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## IV. PARTIES

### Plaintiff Kenneth Griffin ("Mr. Griffin")

17. Mr. Griffin is a natural person.

18. Mr. Griffin is a resident of Tippecanoe County.

19. Mr. Griffin is allegedly obligated to pay a "debt" as defined by 15 U.S.C. § 1692(a)(5).

20. Mr. Griffin is a "consumer" as defined by 15 U.S.C. § 1692a(3).

21. Mr. Griffin allegedly incurred a debt with LVNV Funding LLC ("LVNV").

22. Mr. Griffin has never owned a business.

23. Any obligation that Mr. Griffin would have incurred to pay money would have arisen out of a transaction that was solely or primarily for a personal, family, or household purpose.

### Defendant Stenger & Stenger, P.C. ("Stenger")

24. Stenger is a corporation organized and existing under the laws of the State of Michigan.

25. Stenger is registered with the Indiana Secretary of State under Business ID: 2006051900020.

26. Stenger's principal place of business is located at 2618 E Paris Avenue, Grand Rapids, Michigan 49546.

27. Stenger's registered agent for service of process is Phillip Stenger, 2618 E Paris Avenue, Grand Rapids, Michigan 49546.

28. Stenger's employees are agents acting on its behalf.

29. At all times relevant to this action, Stenger employees and attorneys were agents acting on behalf of Stenger.

30. Stenger is a law firm that, among other matters, contacts consumers in an attempt to collect consumer debt.

31. Stenger attempts to collect debt on behalf of LVNV.

32. Stenger regularly attempts to collect debt on behalf of LVNV.

33. Stenger maintains a website at https://www.stengerlaw.com

34. Stenger is engaged in the business of collecting debt within multiple states.

35. Stenger is engaged in the business of collecting debt within the State of Indiana.

36. Stenger is a business entity who uses instrumentalities of interstate commerce or the mails, the principal purpose of which is the collection of debts.

37. Stenger regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

38. Stenger is engaged in the collection of debts from consumers using the mail.

39. Stenger is engaged in the collection of debts from consumers using the telephone.

40. Stenger is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## V. FACTUAL ALLEGATIONS

41. Stenger attempted to collect a debt from Plaintiff that arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

42. On or about December 9, 2005, Stenger filed a lawsuit (the "Lawsuit") against Kenneth Griffin on behalf of LVNV Funding LLC.

43. Stenger garnished Mr. Griffin's wages.

44. On November 28, 2016, Stenger filed its "Notice of Judgment Paid in Full".

45. The judgment from the Lawsuit was paid in full on or before November 28, 2016.

46. On January 25, 2017, Stenger filed a Motion for Proceedings Supplemental in an attempt to collect more money from Mr. Griffin.

47. On February 2, 2017, the Tippecanoe County Superior Court issued an order for Mr. Griffin to appear in Court and answer as to assets, profits, income and other property on April 3, 2017, at 10:00 AM.

48. On April 3, 2017, Mr. Griffin appeared for a hearing regarding the Lawsuit.

49. On April 11, 2017, LVNV posted on its website, for which Mr. Griffin had access, that Mr. Griffin had a balance of $0.00.

50. On or about May 24, 2017, Stenger filed a letter dated May 19, 2017, stating, among other statements, that Mr. Griffin owed $1,739.12 as of May 19, 2017.

51. On or about November 13, 2017, Mr. Griffin filed a letter dated November 10, 2017, stating that he requested that the Judgment Paid in Full be enforced and all money stemming from the order dated October 23, 2017 be returned to Mr. Griffin.

52. On October 23, 2017, Stenger sent a letter to Mr. Griffin's work, Indiana Veteran's Home in West Lafayette, Indiana, stating that the employer had concluded a garnishment and asking that the employer continue to garnish Mr. Griffin's wages.

53. Stenger's letter dated October 23, 2017, was sent without any Court approval and without the Court's order for further garnishment.

54. On November 13, 2017, Mr. Griffin filed Stenger's October 23, 2017 letter with the Tippecanoe County Superior Court to notify the Court of Stenger's conduct.

55. On January 2, 2018, the Tippecanoe County Superior Court ordered its garnishment order stayed and set a hearing for February 5, 2018, at 10:30 AM.

56. On April 11, 2018, Stenger sent a letter dated April 5, 2018, to Mr. Griffin's employer, Indiana Veteran's Home, asking that the employer continue withholding Mr. Griffin's income.

57. On April 23, 2018, the Tippecanoe County Superior Court issued an order finding that on November 28, 2016, "Notice of Judgment Paid in Full" is posted on the docket for Cause No. 79D01-0512-CC-000664 and that the Plaintiff shows a balance due and owing and of $0.00 on its official website.

58. On April 23, 2018, Mr. Griffin filed a letter dated April 23, 2018 stating, among other matters, that Stenger has failed to cease garnishment through his employer.

59. Despite the January 2, 2018 stay of garnishment, Stenger continued to collect money from Mr. Griffin's wages through his employer.

60. On April 25, 2018, the Tippecanoe County Superior Court set a hearing for June 4, 2018, at 11:00 AM.

61. Mr. Griffin appeared for the June 4, 2018, hearing, and no person appeared for LVNV.

62. On April 26, 2018, the court set a status conference for June 4, 2018, at 11:00 AM.

63. On June 4, 2018, Mr. Griffin appeared in person for the Court's hearing, and no person appeared for LVNV.

64. On or about June 4, 2018, the court issued an order setting Mr. Griffin's claim for refund of overpayment for July 2, 2018, at 11:30 AM.

65. On July 2, 2018, Mr. Griffin appeared in Court, and no person appeared for LVNV.

66. On July 2, 2018, the Tippecanoe County Superior Court issued an Order representing that $1,336.54 was garnished from Mr. Griffin's wages after the Court issued a stay.

67. On July 20, 2018, Denise Hallett, an attorney of Stenger, filed a motion seeking to garnish more of Mr. Griffin's income.

68. On August 20, 2018, the date set for LVNV's motion for alias garnishment, Mr. Griffin appeared in person and by counsel, LVNV failed to appear, and the Court dismissed the motion with prejudice, affirming the Court's previous Order regarding repayment.

69.

70. Also through the Tippecanoe County Superior Court order dated April 23, 2018, the court dismissed the proceeding supplemental, vacated any garnishment order previously entered under Cause No. 79D01-0512-CC-000664, and closed the file.

71.

72.

73. Stenger does not have reasonable procedures in place that are reasonable adapted to avoid violation of the FDCPA.

74. At all relevant times in this action, Stenger employees were acting as agents on behalf of Stenger.

75. Stenger uses instrumentality of interstate commerce or the mails in business for which the principal purpose is the collection of any debts.

76. Stenger, directly or indirectly, regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

77. Stenger attempted to collect a debt that Plaintiff did not owe.

78. Stenger falsely represented the amount of a debt.

79. Stenger falsely represented the legal status of a debt.

80. Stenger made one or more false representations to obtain information concerning Plaintiff.

81. Stenger attempted to collect an amount of money from Mr. Griffin that is not expressly authorized by an agreement creating the debt.

82. Stenger attempted to collect an amount of money from Plaintiff that is not permitted by law.

83. Stenger’s action concerning Mr. Griffin have caused damages, including not by way of limitation: attorney’s fees, mailing costs, and Mr. Griffin’s time.

84. Stenger’s communications with Mr. Griffin caused Mr. Griffin anxiety and stress.

85. All conditions precedent necessary for this lawsuit have occurred or been performed by Mr. Griffin.

## VI. COUNT I – VIOLATION OF 15 U.S.C. 1692f

86. Mr. Griffin incorporates herein by reference all of the foregoing paragraphs in full herein.

87. Stenger violated the FDCPA because it attempted to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law.

## VII. COUNT II – VIOLATION OF 15 U.S.C. 1692e

88. Mr. Griffin incorporates herein by reference all of the foregoing paragraphs in full herein.

89. Stenger violated the FDCPA because it against Mr. Griffin that requested relief that was not permitted by law or valid agreement.

90. Stenger falsely represented the amount of debt Mr. Griffin owed LVNV.

91. Stenger violated the FDCPA because it made false and misleading representations concerning Mr. Griffin.

92. Stenger made false and misleading representations concerning the agreement that governs the debt.

93. Stenger made false and misleading representations that led Mr. Griffin to be confused and doubt his legal rights.

## VIII. COUNT III – VIOLATION OF 15 U.S.C. 1692d

94. Mr. Griffin incorporates herein by reference all of the foregoing paragraphs in full herein.

95. The natural consequence of Stenger's conduct is to harass, oppress, or abuse a person.

96. Stenger contradicted the information contained in its debt collection letter.

97. Stenger's representative's statements during the phone call were inconsistent with the disclosure of Mr. Griffin's right to dispute the debt.

## IX. COUNT IV – VIOLATION OF 15 U.S.C. 1692c

98. Mr. Griffin incorporates herein by reference all of the foregoing paragraphs in full herein.

99. Stenger violated the FDCPA by communicating with Mr. Griffin's employer in an attempt to collect an alleged debt.

## X. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Kenneth Griffin respectfully requests that this Honorable Court enter judgment in favor of Plaintiff Kenneth Griffin and against Defendant Stenger & Stenger, P.C. as follows:

A. Actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof at trial;

B. $1,000.00 statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For all such other and further relief as the Court may deem just and proper.

## XI. JURY DEMAND

Mr. Griffin, pursuant to Fed. R. Civ. P. 38, demands a jury trial on all issues herein.

Respectfully submitted,
/s/ *Duran L. Keller*

Duran L. Keller, Esq. (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Plaintiff*